UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANIESE VOID-BROWN,

Plaintiff,

-against-

YOUSSEF AMRANI, et al.,

Defendants.

26-CV-5493 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff resides in Kings County, New York, and is appearing *pro se*. She brings suit against Youssef Amrani and Nasser Bourita, both identified as associated with the Consulate General of the Kingdom of Morocco in New York; Imam Mohamed Abdelati, of the Bridgeport Islamic Center; Rev. Peter J. Orfanakos of the St. Barbara Greek Orthodox Church; Rabbi Peretz Robinson; and Congregation Ahavath Achim. (Compl., ECF No. 1, at 3, 8–9.) Plaintiff invokes this Court's federal question jurisdiction, 28 U.S.C. § 1331, and identifies her claims as "breach of contract," "18 USC Ch. 11," and the Foreign Extortion Prevention Act (FEPA). (*Id.* at 33, 61.)

By order dated June 30, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On July 14, 2026, Plaintiff filed an amended complaint against the same parties, (Am. Compl., ECF No. 6,) and the Court treats the complaint and amended complaint together as the operative complaint. The Court dismisses the operative complaint for the reasons set forth below.

## I. FACTUAL BACKGROUND

The following allegations are drawn from the complaint and amended complaint.[1] Plaintiff alleges that in 2019, "U.N. intelligence told the plaintiff that she was abducted from her biological

[1] The Court quotes from the complaint and amended complaint verbatim. All spelling, grammar, and

mother in Monrovia, Liberia when she was an infant in 1977 and that she is not a U.S. citizen." (Compl. at 12.) Plaintiff contends that "former CIA Director, President George H.W. Bush is responsible for this illegal and fraudulent intercountry adoption."[2] (*Id.*) She alleges that the U.S. Department of State and Liberian officials during the Tolbert administration, were connected to her removal from Liberia. (*Id.* at 14.) "[T]he United States abducted the plaintiff from her biological mother in Liberia and subsequently placed her in an orphanage in Sierra Leone, where Christian Alusine Kamara-Taylor was the Prime Minister . . . ." (*Id.*) She asserts that "[a] White European family visiting Spain confirmed that [Plaintiff's] biological mother was at a market in Monrovia, when an individual furtively picked Plaintiff up and left the market." (*Id.* at 12.) Until now, Plaintiff has not had "the information to demand repatriation to her multimillionaire biological family in Liberia." (*Id.*) Plaintiff claims the Government of Mexico and the U.S. Department of State verified her 1977 abduction, and that U.S. officials discouraged Liberian assistance for repatriation. (*Id.* at 12, 17.)

In 1983, when Plaintiff was six, she alleges that she was sexually assaulted in Bridgeport, Connecticut by individuals identified as Willie and Wilmer Quarles. (*Id.* at 26.) She further states that "Annette Void & Willie James Brown gave the plaintiff's . . . underwear to Bill Casey in 1983 so that Reagan & Casey could force the U.S. Congress to negotiate with the Soviet Union." (*Id.* at 27.) In 1987, therapists from the Child Guidance Center created fraudulent notes implying that there had been familial abuse. (*Id.* at 25.)

Plaintiff's adoptive mother, Annette Void, rented apartments on the second and third floors of 63 Lewis Street in Bridgeport, CT, believing that University of Bridgeport students would live

punctuation are as in the original unless noted otherwise.

[2] President George H.W. Bush was not named as a defendant in this action.

there. (*Id.* at 32.) Instead, Plaintiff alleges that the Bridgeport Islamic Center, St. Barbara's Greek Orthodox Church, and Congregation Ahavath Achim, in coordination with the Moroccan Consulate, used the apartments to film minors engaged in sexual acts with adults. (*Id.* at 33.) Defendants allegedly did so as part of blackmail and bribery schemes targeting Charles Taylor, his associates, and entities linked to Plaintiff. (*Id.*) In March 2026, while in Morocco, Plaintiff learned that Defendants had been tenants at 63 Lewis Street and had engaged in child sexual exploitation activities. (*Id.* at 35.) Plaintiff claims that she has suffered reputational harm due to guilt by association with activities at 63 Lewis Street. (*Id.* at 36.)

Plaintiff's 139-page complaint includes extensive background information about her planned business ventures. "Plaintiff is launching a quantum computing and specialty analytical chemistry company, Acuity, a company that primarily utilizes photons and bosons to measure the geological components found in dirt and rocks." (*Id.*) She asserts that defendants sought to extract proprietary quantum computing technology from the Government of Russia through coercive schemes. (*Id.* at 33.) Plaintiff states that she does not wish to be a U.S. citizen and has sought repatriation assistance from Mexico and Liberia since learning of the abduction. (*Id.* at 17, 29.)

Plaintiff further alleges that her:

> biological father Charles Taylor and her adoptive father's Willie James Brown's involvement as a CIA contractor resulted in the defendants contriving a weird bribery demand conspiracy that promoted individuals within their communities that wanted to sexually exploit children and young adults. The conspiracy may be connected to the U.S. Department of State Iranian Detainees and Iran-Contra. The plaintiff's adoptive father's oncologist became the Chief White House physician to presidents George H.W. Bush and Bill Clinton as a result of the Iran-Contra investigation.

(*Id.* at 10.)

Plaintiff asserts claims for breach of contract arising from alleged misuse of the rental premises. (*Id.* at 33.) She invokes the FEPA, alleging that defendants are acting on behalf of foreign entities and have solicited or demanded bribes connected to business advantages. (*Id.* at 61–62.) Plaintiff cites "18 U.S.C. Chapter 11," alleging bribery-related offenses tied to unspecified corruption. (*Id.* at 61.)

Plaintiff seeks damages for harms resulting from alleged bribery, blackmail, and sexual exploitation activities. (*Id.* at 45.) She also demands criminal liability for defendants in recognition for their alleged solicitation of bribes, unlawful contact with minors, and corruption of minors. (*Id.* at 61–62.)

Plaintiff's amended complaint makes similar arguments and seeks similar relief.

## II. STANDARD OF REVIEW

This Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis in original) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## III. PLAINTIFF'S COMPLAINT IS DISMISSED

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'— that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks frivolous and baseless); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (holding that a claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's allegations linking alleged events in her childhood to the Iran-Contra investigation, matters involving the CIA and President George H. Bush, and the alleged extraction of proprietary quantum computing technology from the Government of Russia are purely speculative and implausible. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (holding that complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp.

2d 259, 266 (W.D.N.Y. 2010) (explaining that even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff's allegations rise to the level of the irrational and the operative complaint must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (affirming sua sponte dismissal of complaint as frivolous where plaintiff alleged that he was subject to"24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

## IV. LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the operative complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## V. WARNING

Plaintiff brought two prior actions asserting conspiracy claims, and both were dismissed. *See Void-Brown v. FBI*, No. 19-CV-8594 (PAE) (S.D.N.Y. Sept. 20, 2019) (dismissing as frivolous fee-paid action against the Federal Bureau of Investigation, the Drug Enforcement Agency, the City of New York, and Dr. Hedy Augenbraun for an alleged conspiracy to make it appear as though Plaintiff was engaged in prostitution); *Void-Brown v. FBI*, No. 2:19-CV-286 (APG) (VCF) (D. Nev. June 18, 2019) (adopting in part Magistrate Judge's recommendation that court deny IFP and

dismiss as frivolous claims that "the FBI, Mr. Alvia, and a hotel were involved in a conspiracy to make it appear as though Plaintiff was engaged in prostitution in order to blackmail Plaintiff").[3]

This Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions IFP unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## VI. CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions IFP unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 20, 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge

[3] Plaintiff's second amended complaint was dismissed without prejudice for failure to notify the court of her address change. *Void-Brown*, No. 19-CV-0286 (ECF No. 27).